NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 13 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| RAUL HERNANDO HERNANDEZ-BUENO, AKA Ramon Cruz Beltran, AKA Juan Fernandez, AKA Juan David Fernandez Abadilla, AKA Oscar Hernandez, AKA Charlie Jimenez, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 18-70617 <br><br> Agency No. A205-719-475 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 18, 2022**
Pasadena, California

Before: KLEINFELD, MILLER, and COLLINS, Circuit Judges.

Raul Hernando Hernandez-Bueno, a native and citizen of Colombia,

petitions for review of an order of the Board of Immigration Appeals denying his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

applications for cancellation of removal, asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we dismiss the petition for review in part and deny it in part.

1. The Board determined that Hernandez-Bueno's two convictions for grand theft under California Penal Code § 487(a) constituted crimes involving moral turpitude, making him statutorily ineligible for cancellation of removal. *See* 8 U.S.C. §§ 1182(a)(2), 1229b(b)(1)(C). Whether a crime involves moral turpitude is a question of law that we review de novo. *Latter-Singh v. Holder*, 668 F.3d 1156, 1159 (9th Cir. 2012). Hernandez-Bueno argues that grand theft does not qualify, but his argument is foreclosed by our recent decision in *Silva v. Garland*, 993 F.3d 705 (9th Cir. 2021), in which we held that petty theft under California Penal Code § 484(a) is a crime involving moral turpitude. *Id.* at 717. Although we did not directly consider whether a conviction for grand theft under section 487(a) would similarly qualify, we observed that "the elements of petty theft are the same as grand theft, apart from the amount or type of property taken." *Id.* at 710 n.1. It follows that a violation of section 487(a) "constitutes a crime involving moral turpitude." *Id.* at 717.

2. The Board pretermitted Hernandez-Bueno's application for asylum, finding that it was untimely and that extraordinary circumstances did not excuse

2

the delay. Hernandez-Bueno argues that he established extraordinary circumstances because he testified that as a result of his PTSD, he was afraid to file for asylum. But the Board considered this argument and rejected it, explaining that Hernandez Bueno had not "established clear error in the Immigration Judge's findings of fact relating to the fact that he was able to file an asylum application within only a few months of being placed in removal proceedings." Because that conclusion turns on the agency's resolution of a disputed fact—whether Hernandez-Bueno's PTSD prevented him from filing a timely application for asylum—we lack jurisdiction to review it. *See Sumolang v. Holder*, 723 F.3d 1080, 1082 (9th Cir. 2013); 8 U.S.C. § 1158(a)(3). We therefore dismiss this portion of the petition.

3.     To establish eligibility for withholding of removal, an alien must show that a protected ground was or will be "a reason" for his persecution. *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017); 8 U.S.C. § 1231(b)(3)(A). The Board concluded that Hernandez-Bueno had not shown a nexus between his proposed social group or his imputed political opinion and his "past or feared problems." We review that factual determination for substantial evidence, *Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir. 2013), and determine that the record does not compel a contrary conclusion. The Board reasonably relied on evidence that Hernandez-Bueno's kidnapping was motivated by "the pursuit of

3

money" on the part of the rebels, rather than by his family membership or political opinion. Because the "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground," substantial evidence supports the agency's conclusion that Hernandez-Bueno has not established that he is entitled to withholding of removal. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

4.　　The Board denied Hernandez-Bueno's application for CAT protection, finding that, even assuming that his kidnapping constituted torture, he had not shown that he would face a particularized risk of torture if returned to Colombia. Though Hernandez-Bueno testified that he believes the rebels would target him if he returned to Colombia, the record does not compel the conclusion that the Board erred in determining otherwise. The Board reasonably relied on the facts that Hernandez-Bueno was able to live in Colombia following his kidnapping for years without suffering any additional harm and that his brother, who still resides in Colombia, had never been harmed.

**PETITION DISMISSED in part and DENIED in part.**